IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL AL RAZZAQ MUHAMMAD SALIH, )<br><br>Petitioner, )<br><br>) <br>GEORGE W. BUSH, )<br>President of the United States, *et al.*, )<br><br>Respondents. ) | Civil Action No. 08-1234 (RJL) |

## RESPONDENTS' STATUS REPORT

Pursuant to this Court's August 6, 2008 Order (dkt. no. 4), undersigned counsel for the respondents states the following status of this case:

1) <u>The "petitioner."</u> The "petition" initiating this case is actually a next-friend authorization, originally signed in December 2006 on behalf of Abdul Al Razzaq Muhammad Salih, Internment Serial Number ("ISN") 233, and thirteen other military detainees at Guantanamo Bay, Cuba. The "petition" was filed with this Court on July 17, 2008 (dkt. no. 1).[1] The Court has set a Chambers Conference for August 22, 2008. *See* dkt. No 4. On August 8, 2008, the Court ordered the Federal Public Defender to represent the detainee. *See* dkt. no. 5. On August 14, 2008, the Indiana Federal Community Defenders entered an appearance. *See* dkt. no. 6. There are no pending motions that are ripe for decision.

2) <u>History Surrounding Detention.</u> Without prejudice to respondents' submission of

---

[1] Cases for the other detainees in the purported next-friend authorization have been assigned to various judges of this Court.

an appropriate factual return, respondents provide the following facts collected by the Department of Defense surrounding the detention of ISN 233:  The detainee is a member of al-Qaida and trained at an al-Qaida sponsored training camp.

    3)    <u>Administrative issues.</u>

        a)    *Protective Order.*  The protective order has not been entered in this case.  Even if the protective order was in effect, however, counsel have not yet received security clearances.

        b)    *Authorization.*  As noted above, the pleading styled as a "petition" is not a petition, but rather a purported next-friend authorization.[2]  The petitioner has not directly authorized a petition for a writ of habeas corpus.  Moreover, the authorization itself, *see* dkt. no. 1, appears to be defective.  It purports to be the 2006 consent by a list of detainees authorizing their representation by a fellow (now former) detainee, Sami Al Hajj, who bears no apparent relationship to the petitioner.

It is well-established that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue" under Article III of the Constitution.  *Whitmore v. Arkansas*, 495 US. 149, 154 (1990).  A habeas petitioner has proper standing only if the petition is "signed and verified by the person for whose relief it is intended  or by someone acting in his behalf."  28 U.S.C. § 2242.  Leaving aside the fact that the initiating pleading here is not even a petition, next-friend standing is not automatically granted to anyone who seeks to pursue an action.  *Id*. at 163.  Rather, consistent

---

[2]  For ease of reference, however, the detainee is referred to as the "petitioner" in this Status Report.

with the constitutional limits established by Article III, a litigant who asserts next-friend standing bears the burden of satisfying the "two firmly rooted prerequisites" for next-friend status.[3] This petition fails to demonstrate that the purported next friend meets either prong.

Because it is unknown whether the detainee consents to this matter proceeding, petitioner's counsel should be required to demonstrate direct authorization to pursue a petition before merits-related matters are scheduled in this case.

4) <u>Petitioner's custodial status.</u>  A Combatant Status Review Tribunal ("CSRT") of the Department of Defense has determined the petitioner to be an enemy combatant.  A summary of the unclassified evidence before the CSRT is available to counsel and the public at http://www.dod.mil/pubs/foi/detainees/csrt_arb/index.html.  The Petitioner has not been approved for release or transfer from United States custody.

5) <u>Related petitions.</u>  The petitioner does not have any duplicate petitions filed on his behalf.

6) <u>Military Commissions Act.</u>  The petitioner has not been charged with war crimes under the Military Commissions Act of 2006.

7) <u>Factual Return.</u>  A factual return has not been filed for this petitioner.  The respondents will offer to the Court at the August 22, 2008 status conference an estimate of when they would expect to file the return.

---

[3] "First, a 'next friend' must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64 (internal citations omitted).

Dated: August 18, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/ *Paul E. Ahern*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
JEFFREY P. LA VICKA
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave N.W.
Washington, DC  20530
Tel: (202) 514-3755
Fax: (202) 616-8470

Attorneys for Respondents